IN THE IOWA DISTRICT COURT IN AND FOR BUENA VISTA COUNTY

| | |
|---|---|
| THE ESTATE OF JUAN JAUREGUI SAMUDIO by its Administrator RITA SANCHEZ FIERRO, and RITA SANCHEZ FIERRO, Individually,<br><br>Plaintiff(s)<br><br>Vs.<br><br>TYSON FRESH MEATS, INC., RICK RETZLAFF, JORGE SANDOVAL, TOM BROWER, LAURIE GARCIA, and NATHAN CARNINE,<br><br>Defendant(s) | Case No. _____<br><br>**PETITION AT LAW AND JURY DEMAND** |

COME NOW the Estate of Juan Jauregui Samudio by its Administrator, Rita Sanchez Fierro, and Rita Sanchez Fierro, individually, and for her cause of action against the above-named Defendants and each of them states as follows:

COUNT I.

1. The Plaintiffs were each residents of Buena Vista County, Iowa, at all times material hereto. The Decedent, Juan Jauregui Samudio, passed away on June 10, 2020. Juan was a resident of Buena Vista County, Iowa, on the date of his death.

2. The Plaintiff, Rita Sanchez Fierro, is the surviving Spouse of the Decedent, Juan Jauregui Samudio, and she is the duly appointed and acting Administrator of the Estate of

Juan Jauregui Samudio, which Estate is pending in Buena Vista County, Iowa.

3. Prior to his death and for a period of over 5 1/2 years, the Decedent, Juan Jauregui Samudio, was a full-time employee of Tyson Fresh Meats, Inc. working at its Storm Lake, Iowa, Pork Plant.

4. On June 10, 2020 Juan Jauregui Samudio, then age 60, passed away from complications due to COVID-19 infection.

5. The Decedent's last date working for Tyson Fresh Meats, Inc. was May 18, 2020. He was unable to work beyond that date after displaying acute symptoms of illness associated with COVID-19.

6. The Decedent, Juan Jauregui Samudio, contracted COVID-19 in the course and scope of his employment with Tyson Fresh Meats, Inc. on or before May 18, 2020.

7. Juan Jauregui Samudio passed away at age 60 on June 10, 2020 from complications due to COVID-19 infection.

8. Tyson Fresh Meats, Inc. is a Delaware Corporation with its principal place of business in Springdale, Arkansas. Tyson was authorized to do business in Iowa at all times material hereto.

9. Tyson Fresh Meats, Inc. is the owner and operator

of pork and turkey processing plants located in Storm Lake, Buena Vista County, Iowa.

10. At all times material hereto, Defendant, Tom Brower, was the Senior Vice President of Health and Safety for Tyson Fresh Meats, Inc.

11. At all times material hereto, Defendant, Rick Retzlaff, was the Storm Lake Tyson Complex Manger (Plant Manager).

12. At all times material hereto, Defendant, Jorge Sandoval, was the Plant Safety Manager for the Storm Lake Tyson Plant and he has resided in Rembrandt, Buena Vista County, Iowa.

13. At all times material hereto, Defendant, Nathan Carnine, was the Decedent's Superintendent at the Storm Lake Tyson Plant and he has resided in Buena Vista County, Iowa.

14. At all times material hereto, Defendant, Laurie Garcia, has been an Area Safety Manager for the Storm Lake Tyson Plant and she has resided in Iowa.

15. In 2019 a contagious disease known as COVID-19 was discovered to exist in the population at large. According to the CDC (Centers for Disease Control) COVID-19 is a contagious disease that is transmitted either by physical contact with contaminated surfaces or by airborne transmission of respiratory droplets from person to person, particularly those in close physical proximity.

16. The U.S. Secretary of Health and Human Services (HHS) declared a public health emergency on January 31, 2020 in response to COVID-19 and on March 9, 2020 the Governor of Iowa issued a Proclamation of Disaster Emergency also in response to COVID-19.

17. On March 9, 2020 the U.S. Department of Labor Occupational Safety and Health Administrator (OSHA) issued a publication entitled "Guidance on Preparing Workplaces for COVID-19". The publication provides guidance to employers on how to keep its employees safe from the spread of COVID-19.

18. On March 2, 2020 the Iowa Department of Public Health (IDPH) issued "COVID-19 Guidance for Business" that provided detailed health information and recommendations on how to contain COVID-19 in the workplace. A copy of the publication was provided to the Storm Lake Tyson Plant on March 13, 2020. Periodic updates on measures to control COVID-19 outbreak were provided to Tyson by IDPH.

19. On March 13, 2020 the President of the United States declared the COVID-19 outbreak a national emergency. Also, on March 14, 2020 the Governor of Iowa announced that there was a community spread of COVID-19 in the State of Iowa. She also announced school closings and other drastic mitigation measures to contain the spread of the virus.

20. COVID-19 infections were detected among Storm Lake Tyson employees as early as May 1, 2020 and possibly earlier.

21. Physical proximity by the Decedent with anyone other than his fellow Tyson employees and members of his household were minimal in May and June of 2020.

22. As early as March and even as early as February of 2020, the fact that COVID-19 was spreading by person-to-person contact and was particularly virulent in the meat packing industry was well known by employers and most certainly by Tyson and its management team.

23. Prior to the Decedent contracting COVID-19, there were virus outbreaks at other Tyson meat packing plants, outbreaks that were so severe that plants closed.

24. Prior to the Decedent contracting COVID-19, the Defendants and each of them were aware of the factors that would mitigate the spread of the virus such as separation of employees (social distancing), physical barriers between employees, face masks and other PPE, hand sanitizers and reduction in exposure of older employees to the virus.

25. In spite of that awareness, Defendants exposed Decedent to the high risk of contracting the virus by placing him

in a confined work environment less than six feet from other workers without proper barriers between them and without proper PPE and other mitigation factors.

26. At all times material hereto the Defendants and each of them were aware that working conditions at the Tyson Plant in Storm Lake would expose Juan Jauregui Samudio to a high risk of contracting COVID-19 for the following reasons:

    A. Decedent routinely worked less than six feet from his fellow employees;

    B. Decedent wasn't provided with proper PPE:

    C. Inadequate physical barriers separated the Decedent from fellow employees;

    D. Inadequate training was provided to plant safety personnel to combat the propagation of COVID-19;

    E. Inadequate sanitizing and disinfectant practices existed at all times material hereto at the Storm Lake Tyson Plant;

    F. Inadequate testing and contact tracing;

    G. Inadequate screening of employees for symptoms of COVID-19;

    H. Failure to comply with State and Federal laws, rules and regulation; and

    I. Failure to slow down or otherwise alter production to mitigate the spread of COVID-19.

27. In spite of the foregoing, Tyson and its managerial employees, including these Defendants, required the Decedent to work in an environment rife with Corona Virus when they knew or should have known that Tyson wasn't implementing the necessary safety precautions available to protect workers and that the risk that Decedent would become infected was very high.

28. Tyson has denied that it is liable under Chapter 85 (Iowa Workers' Compensation Statutes) and 85A (Occupational Disease Compensation) for employees who have suffered injuries or death as a result of COVID-19 infections that have occurred in the course and scope of workplace exposure to the virus. Specifically, in response to a Workers' Compensation Claim filed against Tyson by Rita Sanchez. Tyson has denied the claim for Workers' Compensation benefits for Juan Jauregui Samudio's death.

29. Under Chapter 85.20 of the Code of Iowa, the employer, Tyson Fresh Meats, Inc. would ordinarily be immune from liability at common law or otherwise for injuries or death to its employees arising out of their employment but only if benefits would be recoverable under either Chapter 85 or 85A. If as Tyson alleges the Decedent has no claim for Workers' Compensation available under the circumstances of his death, then Tyson and its management employees are no longer immune from common law liability

and principals of ordinary negligence apply, and damages are recoverable for ordinary acts of negligence.

30. Defendant Tyson and the individual named Defendants herein were negligent for all the reasons set forth in Paragraph 28 hereof, which negligence was a proximate cause of Decedent's infection and death.

31. As a proximate result of the Defendants' actions as described herein, the Decedent endured pre-death physical and mental pain and suffering as well as loss of function of the mind and body. The Decedent's Estate has suffered damages consisting of a loss to the accumulation of his estate but for his premature death as well as interest and funeral and other burial expenses. In addition, the Decedent's spouse, has been deprived of the consortium, services, companionship, society, affection and support of her spouse.

32. These Plaintiffs' damages exceed the sum of $10,000.00.

## JURY DEMAND

The Plaintiffs request a trial by jury in this matter.

WHEREFORE, these Plaintiffs pray the Court enter judgment for them and against the Defendants and each of them jointly and severally in an amount that would fairly and fully

compensate them for their losses and damages together with interest and costs as provided for by law.

## COUNT II.

33. The individually named Defendants all to one degree or another have a duty to the rank and file employees of Tyson to assure that they have a safe working environment.

34. The individual Defendants and each of them knew or should have known of the substantial risk of harm to Decedent of injury or death after exposure to COVID-19 in the absence of proper mitigation and safety efforts in the Tyson plant in May and June of 2020 and as a proximate result of their conscious indifference to the warnings and recommendations of the many health organizations, State and Federal agencies they were grossly negligent.

35. The conduct of the individual Defendants constituted a wonton and willful disregard for the rights and safety of the Decedent such that each of them was grossly negligent and that their gross negligence was the proximate cause of Decedent's death and the damages arising therefrom.

36. The Plaintiffs' damages exceed the sum of $10,000.00.

## JURY DEMAND

The Plaintiffs request a trial by jury in this matter.

WHEREFORE, these Plaintiffs pray the Court enter judgment for them and against the Defendants and each of them jointly and severally in an amount that would fairly and fully compensate them for their losses and damages together with interest and costs as provided for by law.

```
                              HAMILTON LAW FIRM. P.C.
                              P.O. BOX 188
                              606 ONTARIO STREET
                              STORM LAKE, IOWA  50588
                              (712) 732-2842
                              (712) 732-6202 (FAX)


                              BY: _____
                              MARY C. HAMILTON, AT0003125
                              mary@hamiltonlawfirmpc.com
                              ATTORNEY FOR PLAINTIFF(S)
```